IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN DAUGHERTY and
CYNTHIA DAUGHERTY, )
)
Plaintiffs, ) CIVIL ACTION
)
v. ) No. 09-2523-KHV
)
PULTE HOMES OF GREATER )
KANSAS CITY, )
)
Defendant. )
_____)

## MEMORANDUM AND ORDER

John and Cynthia Daugherty filed suit against Pulte Homes of Greater Kansas City for breach of contract related to the purchase of a home in Lenexa, Kansas. Plaintiffs allege four counts of breach of contract including Count IV which is based on defendant's failure to comply with requirements of the Veterans' Administration Loan Guaranty Program. This matter is before the Court on Defendant's Motion To Dismiss Count IV Of Plaintiffs' First Amended Complaint (Doc. #19) filed March 12, 2010. For reasons stated below, the Court sustains defendant's motion.

## Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S.Ct. at

1950.  The Court need not accept as true those allegations which state only legal conclusions.  See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiffs bear the burden to frame their complaint with enough factual matter to suggest that they are entitled to relief; it is not enough for them to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556.

Plaintiffs make a facially plausible claim when they plead factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged.  Iqbal, 129 S. Ct. at 1949.  Plaintiffs must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Id.  Similarly, where the well pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief.  Id. at 1950.  Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case.  Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-32 (3d Cir. 2008)).

**Factual Background**

Plaintiffs' complaint alleges the following facts:

On January 8, 2006, under a purchase agreement, defendant agreed to design and construct a home at 8712 Quill Street in Lenexa, Kansas.  On August 18, 2006, plaintiffs and defendant closed on the purchase agreement and plaintiffs took possession of the home.  In part, plaintiffs financed

the purchase by a Veterans' Administration ("VA") loan. Beginning September 9, 2006, plaintiffs noticed various construction defects and deviations from construction plans, local ordinances and standard building practices. In particular, plaintiffs allege that because of faulty construction, they need to replace (among other things) several foundation walls and the basement floor. Plaintiffs seek $244,468.91 for repairs.

Plaintiffs allege four different claims for breach of contract: breach of express warranty by failing to make necessary repairs (Count I), breach of contract to construct a suitable and livable residence (Count II), breach of duties under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. (Count III) and breach of contract by failing to comply with the minimum requirements of the VA Loan Guaranty Program (Count IV).

## Analysis

Defendant seeks to dismiss Count IV for failure to state a claim. Count IV alleges that defendant breached its contract with plaintiffs by failing to comply with the minimum property requirements of the VA Loan Guaranty Program. Plaintiffs do not allege that their contract with defendant incorporated such requirements.[1] Indeed, plaintiffs state that "they are not relying on the Veteran's handbook or circulars but on specific federal laws that are mandated," Plaintiffs' Response (Doc. #28) at 2, but they do not assert specific statutory authority for their claim. See

---

[1] Plaintiffs allege that defendant acknowledged to them that the home was financed by a VA loan and that said construction and warranties and loans must be consistent with applicable VA regulations. See First Amended Complaint (Doc. #18) ¶ 12. Plaintiffs do not assert that these representations were part of the parties' contract. Even so, plaintiffs apparently maintain that based on the representations, they have a right to seek judicial remedies under 24 C.F.R. § 202(6). See id. Title 24 of the Code of Federal Regulations does not contain such a provision, but the Court assumes that plaintiffs intend to refer to 24 C.F.R. § 202.6. Part 202.6, however, does not purport to create a private remedy for a borrower against a home builder.

California v. Sierra Club, 451 U.S. 287, 297 (1981) (federal judiciary will not engraft remedy on statute, no matter how salutary, that Congress did not intend to provide). From a review of plaintiffs' amended complaint, they appear to rely primarily on a VA pamphlet which sets forth minimum property requirements.[2] Such a pamphlet is insufficient to create a private cause of action against a home builder. The Court substantially agrees with the reasoning of the Ninth Circuit in rejecting a similar claim by a VA borrower against a lender, as follows:

> [N]either the statutory language nor the legislative history of the VA Act provides any "indication of legislative intent . . . to create such a remedy" against the private lender. Cort v. Ash, 422 U.S. at 78, 95 S. Ct. at 2087. The home loan guaranty program was designed to induce private lenders to extend home loans to veterans - with "the guaranty provisions . . . operat(ing) as the substantial equivalent of a down payment." United States v. Shimer, 367 U.S. 374, 383, 81 S. Ct. 1554, 1560, 6 L.Ed.2d 908 (1961). It relies on financial incentives to accomplish a welfare objective and does not purport to confer enforceable federal rights directly on the veteran-borrower. See Shivers v. Landrieu, 674 F.2d 906, 911 (D.C. Cir. 1981) (mortgage insurance provision of the National Housing Act was intended to induce private entrepreneurs to enter the housing market, thus ultimately redounding to the advantage of veteran tenants, but was not intended to create federal rights in favor of veteran tenants); Roberts v. Cameron-Brown, 556 F.2d 356, 360 (5th Cir. 1977) (Lenders' Handbook outlining foreclosure-avoidance duties delineates the relationship between the government and the private lender and gives the mortgagor no claim to duty owed).
>
> More importantly, "mortgage foreclosure has traditionally been a matter for state courts and state law, and there are state law remedies available to protect mortgagors from unconscionable mortgages." Roberts v. Cameron-Brown Co., supra, 556 F.2d at 361 (rejecting a private cause of action by mortgagors against private lenders for failure to comply with foreclosure-avoidance guidelines under the HUD-insured home mortgage program). Accordingly, we consider it most improbable that the VA Act was intended to authorize the federal courts to create, with respect to the area of VA-guaranteed home loans, a federal common law of mortgages to supplement or

---

[2] Mark A. Towner, a structural engineer, prepared a report which is attached to plaintiffs' amended complaint. See Exhibit D to First Amended Complaint (Doc. #18). Towner states that because plaintiffs purchased the home using a VA Home Loan Guarantee, defendant had to comply with VA minimum property requirements defined in "VA pamphlet 26-7, Chapter 12." Id. at 1.

supplant the law provided by the states.

Rank v. Nimmo, 677 F.2d 692, 697 (9th Cir. 1982); see Bright v. Nimmo, 756 F.2d 1513, 1516 (11th Cir. 1985) (VA manuals and handbooks do not create substantive rights enforceable in federal court); Simpson v. Cleland, 640 F.2d 1354, 1359 (D.C. Cir. 1981) (even if statutory scheme and publications mandatory, duties not enforceable in private action because no statutory provision expressly creating such a cause of action and borrower has not satisfied criteria for implying one); see also First Family Mtg. Corp. v. Earnest, 851 F.2d 843 (6th Cir. 1988) (mortgagors have no express right of action against VA based on VA Act or VA publications and no basis for one to be implied).

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Count IV Of Plaintiffs' First Amended Complaint (Doc. #19) filed March 12, 2010 be and hereby is **SUSTAINED**. The Court dismisses Count IV of plaintiffs' First Amended Complaint (Doc. #18).

Dated this 24th day of May, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge